UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID A. LINK,

               Plaintiff,

    v.

3M CORPORATION, *et al.*,

               Defendants.

Case No. C24-1530-JLR

REPORT AND RECOMMENDATION

      Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff stated that he and his spouse together earn $5,000.00 per month and receive $3,800.00 in "[d]isability, unemployment, workers compensation or public assistance[.]" (*Id.* at 1.) They have $10,000.00 in a checking account, own a vehicle worth $20,000.00, and have no dependents. (*Id.* at 2.) Their monthly expenses are somewhat unclear but appear to amount to approximately $1,650.00 ($100.00 monthly for transportation, $200.00 bimonthly for utilities, and $1,450.00 monthly for home loan). (*Id.*) Asked for any other information to explain why he cannot pay court fees and costs, Plaintiff wrote that "Boeing [his employer] might go on strike in September 2024. VA disability is not always guaranteed." (*Id.*)

REPORT AND RECOMMENDATION - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

It appears Plaintiff has sufficient funds to pay the filing fee. Plaintiff's income appears significantly larger than his expenses. Moreover, Plaintiff did not explain why he could not use the money in the checking account to pay the filing fee.

Accordingly, after careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

REPORT AND RECOMMENDATION - 2

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 11, 2024**.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable James L. Robart.

Dated this 26th day of September, 2024.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3